**NOT FOR PUBLICATION**                              [Docket No. 6]

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

```
LARRY PETERSON,                    :
                                   :  Civil Action No. 07-2723 (RMB)
                Plaintiff,         :
                                   :
        v.                         :  OPINION
                                   :
ROBERT D. BERNARDI, et al.,        :
                                   :
                Defendants.        :
_____:
```

William H. Buckman, Esquire
110 Marter Avenue, Suite 209
Moorestown, New Jersey 08057
(856) 608-9797
        Attorney for Plaintiff

Benjamin Clarke, Esquire
Jason D. Attwood, Esquire
DeCotiis, Fitzpatrick, Cole, Wisler, LLP
Glenpointe Centre West
500 Frank W. Burr Boulevard
Teaneck, New Jersey 07666
(201) 928-1100
        Attorneys for Defendants

J. Brooks DiDonato, Esquire
Parker, McCay
Route & Greentree Road, Suite 401
Marlton, New Jersey 08053
(856)-596-8900
        Attorney for Defendants

**BUMB**, United States District Judge:

    This matter comes before the Court upon the motion to

dismiss or stay proceedings filed by Defendants Burlington County

Prosecutor's Office, Prosecutor Robert D. Bernardi, Richard

1

Serafin, M. Scott Fitzpatrick, Michael King and Gail Tighe (collectively the "Defendants"). For the reasons set forth below, the motion is denied in part and granted in part.

## Factual Background

This Complaint arises from the conviction of the Plaintiff, Larry Peterson, in 1989 on state charges of sexual assault and murder. The case against Peterson was prosecuted by the Burlington County Prosecutor's Office, and Peterson was convicted by a jury sitting in Burlington County. Peterson appealed his conviction, which was affirmed by the Appellate Division and the New Jersey Supreme Court.

Approximately, sixteen years later, following DNA testing of crime scene evidence that did not match Plaintiff's profile, the Superior Court of New Jersey vacated the conviction. Defendant Burlington County Prosecutor's Office thereafter declined to further prosecute Peterson.

On November 27, 2006, Peterson filed a lawsuit against the State of New Jersey in the Superior Court of New Jersey, asserting that he had been wrongly convicted and seeking compensation (the "state action"). The state action is currently pending before the Honorable Marc M. Baldwin, in the Superior Court of New Jersey, Law Division, Burlington County.

On June 11, 2007, Plaintiff filed this Complaint, asserting

2

violations of his federal and state constitutional rights, as described below.

## Defendants' Pending Motions

Defendants seek to dismiss the Complaint on several grounds. First, Defendants argue that the Complaint should be dismissed under New Jersey's "entire controversy doctrine" because the pending state action bars the federal litigation. Alternatively, Defendants argue, this Court should abstain from hearing this matter under the Colorado River abstention doctrine.  Second, Defendants argue that Plaintiff's claim of negligence is barred because Plaintiff failed to follow the prerequisite tort claim procedure.  Third, Defendants argue that Plaintiff's claims of false arrest and false imprisonment are barred by the statute of limitations.  Each of these arguments is addressed below.

## A.    The Entire Controversy Doctrine

"The entire controversy doctrine requires the assertion of all claims arising from a single controversy in a single action at the risk of being precluded from asserting them in the future."  In re Estate of Gabrellian, 372 N.J. Super. 432, 444 (App. Div. 2004).  The entire controversy doctrine is "characterized . . . as 'New Jersey's specific, and idiosyncratic, application of traditional res judicata

principles.'" <u>Fields v. Thompson Printing Co., Inc.</u>, 363 F.2d
259, 265 (3d Cir. 2004) (quoting <u>Rycoline Products, Inc., v. C&W
Unlimited</u>, 109 F.3d 883, 886 (3d Cir. 1997)).   While
characterized as New Jersey's form of <u>res judicata</u>, the Third
Circuit has opined that "the Entire Controversy Doctrine is
broader than traditional <u>res judicata</u> principles. . . ." <u>Opdycke
v. Stout</u>, 233 Fed. Appx. 125, 129 n.6 (3d Cir. 2007).   The
doctrine is broader because it encompasses both claims joinder
and party joinder.  <u>See Sutton v. Sutton</u>, 71 F. Supp. 2d 383, 390
(D.N.J. 1999).

    The fundamental goal of the doctrine is to avoid piecemeal
litigation so that the parties' legal disputes are adjudicated in
one court and at one time.  <u>See</u> e.g., <u>Nubenco Enterprises, Inc.
v. Inversiones Barbarena, S.A.</u>, 963 F. Supp. 353, 363 (D.N.J.
1997).   The doctrine promotes fairness to the parties and
judicial efficiency.  Thus, if a party has brought an earlier
action that has concluded and later seeks to bring charges that
could have been brought in the earlier action, the party will be
barred from doing so under the entire controversy doctrine.   In
other words, the doctrine bars a subsequent action when a "prior
action based on the same transactional facts has been tried to
judgement or settled."  <u>Arena v. Borough of Jamesburg</u>, 309 N.J.
Super. 106, 111 (App. Div. 1998).

    Defendants argue that Plaintiff's filing of separate state

4

and federal actions requires the dismissal of this action under
the entire controversy doctrine.  Defendants' argument, however,
is misplaced.  The doctrine does not apply when the two
proceedings are pending simultaneously, such as is the case here
and "does not preclude the initiation of a second action before
the first action has been concluded."  Rycoline Products, Inc. V.
C&W Unlimited, 109 F. 3d 883, 890 (3d Cir. 1997); Foundation
Credit Funds, LLC v. Branch Banking & Trust Co., 2006 U.S. Dist.
LEXIS 92457 at *2 n. 1 (D.N.J. Dec. 21, 2006)("The [entire
controversy] doctrine only precludes successive suits involving
related claims, and it does not require dismissal when multiple
actions involving the same or related claims are pending
simultaneously.").  See also Kaselaan & D'Angelo Associates, Inc.
v. Soffian, 290 N.J. Super. 293, 299 (App. Div. 1996).  Because
Plaintiff's state and federal actions are pending simultaneously,
with neither action having concluded,  Defendants are not
entitled to the dismissal of the Complaint on this ground.[1]


B.   Colorado Abstention

Defendants also argue that this Court should dismiss, or
alternatively, stay this matter pursuant to the abstention
principles set forth by the Supreme Court in Colorado River Water

---

[1] Because the entire controversy doctrine does not apply,
this Court need not address the Plaintiff's Eleventh Amendment
arguments.

<u>Conservation District v. United States</u>, 424 U.S. 800 (1976) and

<u>Moses H. Cone Memorial Hospital v. Mercury Construction Corp.</u>,

460 U.S. 1 (1983).

The Supreme Court set forth a total of six factors that a

court should consider in its decision whether or not to abstain

or dismiss.[2]  These factors are:

(1) whether either court has assumed jurisdiction over
property;

(2) the inconvenience of the federal forum;

(3) avoidance of piecemeal litigation;

(4) the order in which the courts obtained
jurisdiction;

(5) which forum's substantive law governs the merits of
the litigation; and

(6) the adequacy of the state forum to protect the
parties' rights.

<u>See Moses</u>,460 U.S. at 21.

"No one factor is necessarily determinative; a carefully

considered judgment taking into account both the obligation to

exercise jurisdiction and the combination of factors counseling

---

[2]  Before considering the factors, it is first necessary to
determine whether parallel proceedings exist.  The general rule
is that suits are parallel when substantially the same parties
are contemporaneously litigating substantially the same issues in
different forums.  The doctrine does not require <u>identical</u> suits
– only "parallel suits."  Generally, cases are parallel so as to
justify abstention under <u>Colorado River</u> when they involve the
same parties and claims.  <u>Trent v. Dial Medical of Florida, Inc.</u>,
33 F.2d 217, 223 (3d Cir. 1994).  This Court finds that the state
action and this action are parallel proceedings because they
involve substantially the same issues.

against that exercises is required . . . . Only the clearest of justifications will warrant dismissal." Colorado River, 424 U.S. at 817-18. In balancing these factors, the court's decision is to be "heavily weighted" toward the exercise of jurisdiction. Moses, 460 U.S. at 16.

This Court has examined the relevant factors and does not find that exceptional circumstances exist to justify a stay or dismissal. With respect to the first factor, there is no property at issue over which either the state court or this Court has jurisdiction. As to the second factor, there is no real inconvenience regarding either federal forum. The third factor, judicial efficiency, cannot alone outweigh the right of access to federal court. See Tucker v. Callahan, 663 F. Supp. 375, 380 (D. Tenn. 1987)("Although judicial efficiency is to be desired, it is not to be worshiped.") As for the fourth factor, the order in which the courts obtained jurisdiction, this factor also does not weigh heavily in favor of abstention because the state action has not progressed much, if at all, beyond the federal case. Both cases appear to be in the early stages of litigation. Additionally, Plaintiff's claims are based on both state and federal law, another factor that does not weigh in favor of abstention. Finally, even though the state forum is adequate to protect Plaintiff's federal rights, as Defendants argue, this Court is also an adequate forum.

What this case boils down to is that Plaintiff filed his state action first, and in filing the federal action as well, Defendants will be forced to engage in piecemeal litigation.  Two courts will also be involved.  Yet, the Supreme Court has cautioned that this Court's function is not to abstain because it desires to avoid litigation, but because there exists exceptional circumstances, the clearest of justifications, that justify the surrender of federal jurisdiction.  No such exceptional circumstances exist here.  Defendants' motion on this ground will be denied.

C.   Dismissal of Count Four (Negligence)

Pursuant to the New Jersey Tort Claims Act, a plaintiff may not pursue an action against a governmental entity without first having afforded it notice and an opportunity to investigate the claims.  The filing of a notice is a statutory procedural prerequisite to filing the lawsuit.  Sinclair v. Dunagan, 905 F. Supp. 208, 211 (D.N.J. 1995).  Under the Act, a claimant generally must file a notice of claim within 90 days of the accrual of the cause of action.  N.J. Stat. Ann. § 59:8-8.

In Count Four of the Complaint, Plaintiff alleges that defendant Tighe was negligent "in her supposed hair comparison related to Mr. Peterson." Compl., ¶ 63.  Thus, Defendants argue, the absolute latest date that a negligence cause of action could

have accrued was July 29, 2005, when Plaintiff's conviction was vacated. Plaintiff's notice of claim was filed August 25, 2006. Plaintiff, however, contends that the cause of action did not accrue until his exoneration in May 2006 when the Superior Court judge entered an Order for Nolle Prosequi.

A claim for negligence accrues when a plaintiff knew, or reasonably should have known, of his alleged injury. See Rolax v. Whitman, 175 F. Supp. 2d 720, 727 (D.N.J. 2001). Here, Plaintiff's own Complaint demonstrates that he knew of Defendant Tighes' negligence as early as February 2005. At paragraph 27 of his Complaint, he alleges that "[i]t was not until DNA evidence, including hair evidence, conclusively proved that no DNA found at the scene belonged to Larry Peterson that the full range of Defendants Serafin's and Tighe's misstatements could be realized." In the following paragraph, Plaintiff alleges, "[a]t a minimum, the DNA analysis, particularly of hair samples, demonstrated that at least Tighe was inexperienced, incompetent and/or negligent at the time she performed the hair comparison." Compl. ¶ 28 (emphasis added).

Clearly, Plaintiff was on notice of the alleged negligence of Defendant Tighe at the time the DNA analysis was performed, in or around February 2005. His own Complaint admits this fact. Accordingly, because Plaintiff's notice of claim, filed on August

5, 2006, was statutorily untimely, Count Four will be dismissed.[3]

## D.    Dismissal of False Arrest and False Imprisonment Claims

Defendants contend that the Plaintiff's claims of false arrest and false imprisonment contained in Count One are time-barred.  Because such claims accrued at the time of the arrest or imprisonment, Defendants argue, the current claims are long time-barred.  Plaintiff counters that the arrest and false imprisonment did not begin to accrue until the DNA evidence exonerated him.

In Wallace v. Kato, 127 S. Ct. 1091, 1096 (2007), the Supreme Court explained when claims of false arrest and false imprisonment accrue.  As the Court discussed, a claim of false imprisonment consists of detention without a legal process.  Therefore, a claim of false imprisonment accrues once the victim becomes held pursuant to legal process.  In contrast, a claim of false arrest consists of detention up until the issuance of legal process.  A claim of false arrest thus accrues at the time of the issuance of process.

---

[3]  Plaintiff asserts in his opposition brief that the Defendants were negligent in failing to timely provide exculpatory evidence which rendered his conviction baseless.  Pl. Opp. at 12.  This claim does not appear in Count IV which alleges a claim against defendant Tighe only.  A party may not amend a complaint through its briefs.  Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quotations omitted).

A reading of the Complaint reveals that both claims are time-barred. Although the Complaint does not reflect the date of the arrest or institution of legal process, both dates certainly preceded the conviction in 1989, and are certainly well outside the limitations period. Moreover, what is devoid from Plaintiff's Complaint is any allegation that Plaintiff was re-arrested in 2006 or that he was being held without legal process. Such failure to so allege is fatal.[4] <u>Wallace</u>, 127 S. Ct. at 1096 (a false imprisonment ends once the victim becomes held pursuant to such process. . . . Thereafter, unlawful detention forms part of the damages for the entirely distinct tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by <u>wrongful institution</u> of legal process.")(emphasis in original)(quotations omitted).

Accordingly, Plaintiff's claims of false arrest and false imprisonment are dismissed because they are time-barred.

<u>Conclusion</u>

For the foregoing reasons, Defendants' motion (1) to dismiss the Complaint under the "entire controversy doctrine" is **DENIED;**

---

[4] The Court notes that Plaintiff argues that his claims did not accrue until 2006 when he was exonerated by DNA evidence. Specifically, he alleges that Defendant Bernardi caused him to remain incarcerated. Yet, a clear reading of the Complaint reveals that Plaintiff was held in 2006 pursuant to the legal charges instituted prior to 1989. Plaintiff has not alleged any facts to the contrary.

(2) to stay the case under <u>Colorado River</u> is **DENIED**; (3) to dismiss Count Four of the Complaint is **GRANTED**; and (4) to dismiss the claims of false arrest and false imprisonment are **GRANTED**.

Dated: 2/26/08

RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE