[Doc. No. 54]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LARRY PETERSON,<br><br>      Plaintiff,<br><br>  v.<br><br>ROBERT D. BERNARDI, et al.,<br><br>      Defendants. | Civil No. 07-2723-RMB-JS |

**OPINION AND ORDER**

This matter is before the Court on plaintiff's "Motion to Compel the Return of Inadvertently Produced Documents Pursuant to Fed. R. Civ. P. 26(b)(5)(B)." [Doc. No. 54]. The issue to be addressed is whether plaintiff waived any privilege or discovery protection applicable to documents that were inadvertently produced. The Court has received defendants' opposition [Doc. No. 55], the documents in question for review in camera (see defendants' July 1, 2009 letter with attachments), and defendants' supplemental letter brief (see defendant's July 6, 2009 letter). The Court also conducted oral argument. For the reasons to be discussed, plaintiff's motion is GRANTED in part and DENIED in part.

Background

By way of brief background, plaintiff alleges he was wrongfully imprisoned for over eighteen (18) years based on a false conviction for murder and rape. See First Amended Complaint at ¶1,

Doc. No. 2. The essence of plaintiff's claim is that his conviction was based on the defendants' wrongful conduct. With the assistance of the Innocence Project the charges against plaintiff were dropped in May 2006, after DNA sample results indicated that the samples from the crime scene evidence did not match plaintiff's DNA profile.

Plaintiff filed his motion after he discovered that he inadvertently produced allegedly privileged and irrelevant documents. Plaintiff argues the documents are protected by the attorney client privilege and work product doctrine. Plaintiff also claims two documents are protected by the cleric penitent privilege. Plaintiff argues the documents should be returned because he took reasonable steps to prevent the inadvertent disclosure. Plaintiff alleges he was under time constraints to produce documents and his inadvertent production was only a small percentage of the total number of produced documents.[1]

---

[1] Plaintiff's motion identified 156 allegedly privileged documents that should be returned. However, after the Court reviewed the documents in camera it was evident that some of the documents were not privileged. See June 24, 2009 Letter Order. [Doc. No. 59]. The Court then directed plaintiff's counsel to "identify the documents genuinely at issue." Id. On July 1, 2009, plaintiff identified approximately 135 documents that should be returned. It is again apparent that plaintiff's counsel did not carefully review the allegedly privileged documents. By way of example, plaintiff's list includes numerous letters from law students advising of their office schedule (PO06928), and other letters simply enclosing copies of public documents (PO06914, 6925). For the reasons discussed herein, these documents are clearly not privileged.

Defendants argue that a weighing of the factors in <u>Ciba-Geigy Corp. v. Sandoz Ltd.</u>, 916 F. Supp. 404, 411 (D.N.J. 1996), compels the conclusion that plaintiff's motion be denied. Defendants argue plaintiff cannot establish that he took reasonable steps to prevent the inadvertent disclosure. Defendants also argue the number and extent of plaintiff's disclosures support a finding of waiver. In addition, defendants argue plaintiff delayed seeking to rectify his disclosure and that the interests of justice are not served by relieving plaintiff of his error. Defendants also argue that plaintiff has not established that the documents in question are privileged.

<u>Discussion</u>

Although not cited by the parties, plaintiff's motion is controlled by Fed. R. Evid. 502(b). This Rule was recently amended and reads:

> **Rule 502.  Attorney client Privilege and Work Product; Limitations on waiver**
>
> **(b) Inadvertent disclosure.**--When made in a Federal proceeding or to a Federal Office or agency, the disclosure does not operate as a waiver in a Federal or State proceeding if:
>
>> (1) the disclosure is inadvertent;
>> (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
>> (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

The 2008 amendment to FRE 502 states that the amendment applies to

matters pending on September 19, 2008, "insofar as is just and practicable." Act of Sept. 19, 2008, Pub. L. No. 110-322, §1(c), 122 Stat. 3537, 3538. This action was pending on September 19, 2008, and the Court finds no justifiable reason not to apply FRE 502(b). Accord Heriot v. Byrne, ___ F.R.D. ___, 2009 WL 742769, at *6 (N.D. Ill. March 20, 2009); Clarke v. J. P. Morgan Chase & Co., No. 08 Civ. 02400(CM)(DF), 2009 WL 970940, at *5 (S.D.N.Y. April 10, 2009); Preferred Care Partners Holding Corp. V. Humana, Inc., No. 08-20424-CIV, 2009 WL 982449, at *4 (S.D. Fla. April 9, 2009).

When deciding whether inadvertently produced documents should be returned a two-step analysis must be done. First, it must be determined if the documents in question are privileged. It is axiomatic that FRE 502 does not apply unless privileged or otherwise protected documents are produced. Heriot, supra, at *7. Second, if privileged documents were inadvertently produced then the three elements of FRE 502(b) must be satisfied: (1) the disclosure must be inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent the disclosure, and; (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Fed. R. Civ. P. 26(b)(5)(B). The disclosing party has the burden to prove that the elements of FRE 502(b) have been met. Heriot, supra, at *11; Relion, Inc. v. Hydra Fuel Cell Corporation, C.A. No. CV06-607-HU, 2008 WL 5122828, at *3 (D. Or. Dec. 4, 2008).

FRE 502 does not change applicable case law which places the burden of proving that a privilege exists on the party asserting the privilege, in this case plaintiff. <u>Louisiana Mun. Police Employees Retirement System v. Sealed Air Corp. ("Sealed Air")</u>, 253 F.R.D. 300, 305-06 (D.N.J. 2008). Except as to one category of documents discussed <u>infra</u>, the Court finds that plaintiff has not satisfied this threshold burden. Plaintiff's moving papers essentially make no attempt to establish that the documents in question are privileged or otherwise protected from discovery. Plaintiff simply attached a privilege log and assumed that all the listed documents are protected by the attorney client privilege and work product doctrine. Plaintiff's burden of proof is not satisfied by his broad unsupported allegations. <u>See</u> <u>NE Technologies, Inc. v. Evolving Systems, Inc</u>., C.A. No. 06-6061 (MLC), 2008 WL 4277668, at *5 (D.N.J. Sept. 5, 2008)(citation omitted)(boiler plate objections, without an accompanying affidavit, lack specificity and constitute a waiver of such objections).

The Court recognizes that many of the documents at issue involve communications between plaintiff and the New Jersey Office of the Public Defender and the Innocence Project. However, not all communications between a client and lawyer are privileged. The attorney client privilege only insulates communications that assist the attorney to formulate and render legal advice. <u>See</u>

Westinghouse Electric Corp. v. Republic of the Philippines, 951 F.2d 1414, 1424 (3d Cir. 1991). The privilege does not apply simply because a statement was made by or to an attorney. HPD Laboratories, Inc. v. Clorox Company, 202 F.R.D. 410, 414 (D.N.J. 2001). Nor does the privilege attach "simply because a statement conveys advice that is legal in nature." Id. The attorney client privilege only applies to disclosures necessary to obtain informed legal advice which might not have been made absent the privilege. Id. (citations omitted).

In addition to failing to establish the attorney client privilege, plaintiff also did not submit evidence that the produced documents were prepared in anticipation of litigation and primarily for the purpose of litigation. Plaintiff, therefore, has failed to establish that his documents are protected by the work product doctrine. In re Gabapentin Patent Litigation, 214 F.R.D. 178, 183 (D.N.J. 2003); Sealed Air, 253 F.R.D. at 306-07. Given plaintiff's failure to establish the threshold requirement that his documents are protected from discovery, and except as otherwise discussed herein, plaintiff's motion is denied.[2]

Even if plaintiff established that the documents in question were privileged, plaintiff's motion would still be denied except as

---

[2]The Court rejects plaintiff's argument that he produced irrelevant documents. Plaintiff did not offer any support for this contention. Similarly, plaintiff did not submit any facts to support his alleged cleric penitent privilege.

6

to one category of documents. Plaintiff, not defendants, has the burden of proving that his documents were inadvertently produced. Heriot, supra, at *11; Ciba-Geigy, 916 F. Supp. at 412. FRE 502(b) opts for a middle ground approach to determine if an inadvertent disclosure operates as a waiver. See Explanatory Note to FRE 502(b)(revised November 28, 2007).[3] This is essentially the same approach used in Ciba-Geigy, which has been applied in New Jersey. See Maldonado v. New Jersey ex. rel. Administrative Office of the Courts - Probation Division, 225 F.R.D. 120, 128-29 (D. N.J. 2004); Jame Fine Chemicals, Inc. v. Hi-Tech Pharmcal Co., Inc., C.A. No. 00-3545 (AET), 2006 WL 2403941, at *2 (D.N.J. Aug. 18, 2006). See also Preferred Care Partners, supra, at *4 (the intermediate approach and the Rule 502(b) analysis are substantially similar). Under the Ciba-Geigy approach at least five factors are analyzed to determine if a waiver occurred: (1) the reasonableness of the precautions taken to prevent inadvertent disclosure in view of the document production; (2) the number of inadvertent disclosures; (3) the extent of the disclosures; (4) any delay and measures taken to

---

[3] The Note discusses a "multi-factor test for determining whether inadvertent disclosure is a waiver." These factors include the reasonableness of precautions taken, the time taken to rectify the error, the scope of discovery, the extent of disclosure and the overriding issue of fairness. Other factors are the number of documents to be reviewed and the time constraints for production. Id. No one factor is dispositive. "The rule ... is really a set of non-determinative guidelines that vary from case to case" and is designed to be "flexible." Id.

rectify the disclosure, and; (5) whether the overriding interests of justice would or would not be served by relieving the party of its error. Ciba-Geigy, 916 F. Supp. at 411.

As to the first relevant factor for consideration, which is specifically referenced in FRE 502(b)(2), the Court finds that at best, plaintiff took minimal steps to protect against inadvertent disclosure. Plaintiff's moving papers only mention one step that was taken to prevent an inadvertent error: "[a]t each time [document production], plaintiff's counsel engaged in a privilege review." Brief at 1, Doc. No. 54. However, plaintiff does not state when his review occurred, how much time he took to review the documents, what documents were reviewed, and other basic details of the review process. The Court does not accept plaintiff's bare allegation that he conducted a "privilege review" as conclusive proof that he took reasonable steps to prevent an inadvertent production.[4]

Plaintiff argues that in the course of his document review he identified a group of privileged documents, but the documents "were mistakenly not separated, and inadvertently produced to defendants." Brief at 6. However, plaintiff did not proffer any facts to establish that reasonable precautions were taken to

---

[4]The Court is not ruling that an attorney's privilege review is not a reasonable step to avoid disclosure. Instead, the Court is ruling that a general statement that a privilege review was done, without any supporting details, is not informative and is entitled to little weight.

prevent this from occurring. Nor does plaintiff explain how other allegedly privileged documents come to be inadvertently produced. For the purpose of deciding plaintiff's motion, the Court does not question the sincerity of plaintiff's argument that he did not intend to produce the documents in question. However, plaintiff's subjective intent is not controlling. All inadvertent disclosures are by definition unintentional. Ciba-Geigy, 916 F. Supp. at 411.

As to the other factors relevant to whether an inadvertent production occurred, the Court finds that on the whole they weigh in favor of waiver. Although on a total percentage basis the number of disclosures is small (approximately 135 out of thousands produced), the nature of the disclosures is relevant. Most of the documents in question are exchanges between plaintiff and his counsel. These communications warranted a significant level of scrutiny. Further, 135 documents is not an insignificant number. As to plaintiff's efforts to rectify his error, the Court finds this factor neutral.[5] Although plaintiff did not alert defendants until months after his documents were produced when he was preparing for a deposition, plaintiff brought the error to defendants' attention within a week or two of his discovery. See

---

[5]Plaintiff's counsel contends he did not discover he inadvertently produced documents until sometime after February 9, 2009 when he was preparing for plaintiff's scheduled March 3, 2009 deposition. On February 19, 2009, plaintiff identified the inadvertently produced documents in his log produced to defendant. Brief at 8.

9

Heriot, supra, at *15 (emphasis in original)("how the disclosing party discovers and rectifies the disclosure is more important than when after the inadvertent disclosure the discovery occurs"). Plaintiff was not required to "engage in a post-production review to determine whether any protected communication or information [was] ... produced by mistake." Explanatory Note, supra.

The interests of fairness and justice would not be served by relieving plaintiff of the consequences of counsel's error. See Ciba-Geigy, 916 F. Supp. at 414 ("the interests of justice would be served by a finding of waiver, where, as here, a party's negligence has resulted in the inadvertent production of a privilege document"). Parties must recognize that there are potentially harmful consequences if they do not take minimal precautions to prevent against the disclosure of privileged documents. Further, in contrast to the documents discussed infra, no unfairness or injustice would result from finding that a waiver occurred.[6]

The Court rejects plaintiff's argument that his inadvertent disclosure should be excused because his privilege review was

---

[6]The Court has reviewed all of the inadvertently produced documents. In the context of the primary issues to be litigated in the case, the documents will likely be inconsequential. (Nevertheless, as noted, they are discoverable). The Court reaches this conclusion because the documents generally discuss plaintiff's efforts from at least as early as 1990 to overturn his criminal conviction. This is not a disputed issue in the case. Further, on the whole the documents do not reveal any confidential information or attorney work product that in the Court's opinion will have a material impact on the outcome of the case.

10

conducted under "extremely limited time constraints." Brief at 5. Defendants' document request was served on November 27, 2007. After plaintiff's responses were overdue, the Court Ordered plaintiff to serve answers by April 21, 2008. See March 19, 2008 Order, Doc. No. 16. Thereafter, after plaintiff repeatedly failed to respond to defendant's document request, the Court Ordered plaintiff to complete his document production by July 31, 2008, approximately eight months after defendants' document requests were served. See July 21, 2008 Order, Doc. No. 18. Although plaintiff made a document production by July 31, 2008, as late as October, 2008, the production was not complete. On October 10, 2008, the Court Ordered plaintiff to complete his document production by October 31, 2008. See October 21, 2008 Order, Doc. No. 28. This background makes it clear that plaintiff had more than an adequate opportunity to respond to defendants' document request without feeling "rushed." Plaintiff's counsel only has himself to blame for the Court's insistence that he complete his document production by July 31, 2008 and October 31, 2008. The time constraints about which plaintiff now complains were self-imposed and do not excuse his careless actions. Accord Ciba-Geigy, 916 F. Supp. at 413.

In sum, therefore, for all but a separate category of documents the Court denies plaintiff's motion. Since the documents are not privileged a FRE 502(b) analysis is not necessary. Even if the documents were privileged, plaintiff has not established that all the elements of FRE 502(b) were met. Plaintiff did not

11

demonstrate that the documents were inadvertently produced within the meaning of FRE 502(b)(1). Plaintiff also did not establish that he took reasonable steps to prevent disclosure within the meaning of FRE 502(b)(2).

Documents P006988-6996

Despite the Court's ruling, however, the Court finds that documents P006988-6996 deserve special treatment. These nine (9) pages were prepared by student interns of the Innocence Project in 2003 and 2005 and describe in detail their litigation strategy and work product. The documents address in detail what plaintiff's attorneys and their representatives did to get plaintiff released from prison. In contrast to the other inadvertently produced documents, these documents are so obviously work product that no extrinsic evidence is necessary to establish this fact.

The Court's ruling is not made in a vacuum. The Court is mindful that the case involves plaintiff's claim that he was wrongfully imprisoned for eighteen years. It is undisputed that all charges against plaintiff were dropped in May 2006 even though he was convicted of rape and murder in 1989 and sentenced to life imprisonment. It is also undisputed that DNA tests in 2004 and 2005 on crime scene evidence did not match plaintiff. Given the nature of documents POO6988-6996, and the manner in which they were produced to defendants, the Court finds that the interests of fairness and justice are furthered by ruling that the work product protection attached to the documents was not waived.

12

The interests of fairness and justice are relevant factors to analyze to determine if inadvertently produced documents should be returned.  Explanatory Note, supra; Ciba-Geigy, 916 F. Supp. at 411, 414.  See also Fed. R. Civ. P. 1 (the Federal Rules should be construed and administered to secure the just determination of every action and proceeding).  The Court rules that the interests of fairness and justice so overwhelmingly favor plaintiff with regard to documents PO06988-6996, that they outweigh the fact that at best plaintiff's counsel exercised minimal precautions to protect the documents from inadvertent disclosure.

The application of FRE 502(b) was designed to be flexible. This flexibility authorizes the Court to find that a waiver did not occur in circumstances where an injustice to the client would result from a contrary ruling.  It is rare that a Court will not find that a waiver occurred in an instance where a party presents only minimal evidence that it exercised reasonable precautions to prevent a waiver.  This is one of those rare occurrences.

The Court does not believe that documents PO086988-6996 are determinative in the case.  Although work product, the documents generally summarize events about which there is little dispute.  In fact, an outside observer could reasonably opine that the documents help rather than hurt plaintiff's case.  The Court would not be surprised if on reflection plaintiff decides to voluntarily produce the documents.  Nevertheless, given the unusual circumstances of the case, the Court rules that plaintiff has the right to make an

informed decision as to whether documents POO6988-6996 should be produced. The interests of fairness and justice demand no less.

Conclusion

Accordingly, for all the foregoing reasons,

IT IS HEREBY ORDERED this 24th day of July, 2009, that plaintiff's Motion to Compel the Return of Inadvertently Produced Documents Pursuant to Fed. R. Civ. P. 26(b)(5)(B), is GRANTED in part and DENIED in part; and

IT IS FURTHER ORDERED that pursuant to FRE 502(d) any privilege or discovery protection attached to documents POO86988-6996 is not waived by the inadvertent disclosure in this court. Pursuant to Fed. R. Civ. P. 26(b))(5)(B), defendants must destroy or promptly return all copies of the documents and any copies they have, and take reasonable steps to retrieve all copies of the documents they distributed; and

IT IS FURTHER ORDERED that as to all other documents subject to plaintiff's motion, the motion is DENIED and all discovery privileges or protections applicable to the documents shall be deemed waived.

s/Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

14